**AMERICAN SAMOA POWER AUTHORITY, Plaintiff**

v.

**NATIONAL PACIFIC INSURANCE CO., Defendant**

High Court of American Samoa
Trial Division

CA No. 39-92

January 20, 1993

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, LOGOAI, Associate Judge.

Counsel: For Plaintiff, Robert A. Dennison III
 For Defendant, John L. Ward II

Order Denying Summary Judgment:

This matter came before the court on defendant's motion for summary judgment. After hearing oral argument on this motion, the court ordered counsel for the parties to submit further memoranda of points and authorities for their respective positions. Having duly considered same, and upon reflection of the entire record (but not the

documents and affidavit appended to the plaintiff's Supplemental Memorandum in Opposition to Motion for Summary Judgment, per the court's prior Order Denying the Admission of Supplementary Documents), the court hereby denies the defendant's motion.

In these matters, we must assume the truth of the evidence presented by the non-moving party and draw therefrom inferences most favorable to the non-moving party. *Lokan v. Lokan*, 6 A.S.R.2d 44 (1987). It appears that the plaintiff is asserting that the actual agreement between itself and the defendant is not truly represented by the insurance policy and interlineated language contained therein, and that the actual terms of the policy were established orally and by exchange of informal writings between the parties. In other words, the contention appears to be that the contract, as written, is the product of mutual mistake. *See* Defendant's Answers to Interrogatories at 4, lines 24-25 (filed Sept. 3, 1992). The defendant naturally disputes this assertion. The existence of mutual mistake is difficult to establish absent additional parol evidence (indeed, the fact that the plaintiff attempted to provide such evidence along with its Supplemental Memorandum in Opposition to Summary Judgment is telling). *See Development Bank of American Samoa v. Ilalio*, 5 A.S.R.2d 1 (1987). The core of this dispute, then, is factual, and thus summary judgment is inappropriate and will not issue.

It is so ordered.